UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPECTRUM HEALTH HOSPITALS,

    Plaintiff,

v.                                                                     Case No. 1:17-cv-642

TOOLING SYSTEMS GROUP, INC.,            HON. GORDON J. QUIST

    Defendant.

_____/

**OPINION REGARDING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Spectrum Health Hospitals (Spectrum), as assignee of Michael Gruszka, a Spectrum patient, sued Mr. Gruszka's employer/health insurer, Defendant Tooling Systems Group, Inc. (Tooling), under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq.*, to collect health insurance benefits. Tooling asserts that Spectrum failed to exhaust its administrative remedies when it failed to timely appeal Tooling's denial of benefits. Tooling filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment. The Court heard oral argument on October 19, 2017.

## I.     BACKGROUND

Gruszka was hospitalized in a Spectrum facility and received a left ventricular assist device, commercially referred to as an HVAD system. In seeking reimbursement from Tooling for Gruszka's medical procedures and hospitalization, on June 26, 2015, Spectrum submitted a claim for over $462,000—$273,938 of which was allocated on the Explanation of Benefits (EOB)

form with a code of R624, which was the corresponding code for "FDA Investigational Device." On September 18, 2015, Tooling informed Spectrum that it was denying the $273,938 portion of the claim because: "This service, medicine, or supply appears to be experimental or investigational"—medical costs not covered by Gruszka's policy.[1]

Tooling's EOB outlined procedures for Spectrum and Gruszka to follow if they had questions regarding any denial or otherwise disagreed with Tooling's determination.[2] The EOB provided instructions for appealing the decision. The denial stated that the appeal must be filed "within 180 days following denial of the claim." The 180 days expired on March 18, 2016.

On April 16, 2016, Spectrum, under an included authorization from Gruszka, requested an ERISA-compliant EOB from Tooling, detailing the reasons for the denied claim. On May 23, 2016, after some further correspondence, Tooling reiterated its position that the HVAD device was "experimental" or "investigational." On October 31, 2016, Spectrum submitted a formal appeal of Tooling's determination, which Tooling denied because the 180-day appeal period had expired. Spectrum continued the appeal process while Tooling stood by its determination that the time for an appeal had expired. On May 1, 2017, Tooling repeated its denial based on timeliness and refused to refer the matter to an external party for review. Thereafter, Spectrum filed suit against Tooling.

---

[1] Experimental or investigational under the plan "means a drug, device, medical treatment, or procedure (other than a covered Off-Label Use) that meets any of the following criteria:" A) when the Food and Drug Administration must approve it and did not when initially receiving it; B) a patient consent document was reviewed and approved by an Institutional Review Board or other similar body, or is required by federal law; C) it is shown to be the subject of ongoing Phase I or II clinical trials; the research, experimental, study, or investigational arm of ongoing Phase III clinical trials; otherwise under study to determine maximum tolerated dose, toxicity, safety, or efficacy; D) reliable evidence shows that the prevailing opinion among experts regarding it is that further studies or clinical trials are necessary to determine maximum dosage, toxicity, safety, or efficacy. (ECF No. 7-2 at PageID.75-76.)

[2] For example, "You may request a review of an adverse benefit determination by submitting a written application to the administrator or completing a Claim Appeal Filing Form (available at www.asrhealthbenefits.com) within 180 days following denial of the claim. Submit this form to ASR Health Benefits via mail . . . or via email . . . See the last paragraph below for assistance filing a request for an appeal." (ECF No. 3-1 at PageID.38.)

## II. DISCUSSION

The parties and the Court are well-acquainted with the summary judgment standards.

ERISA and the Code of Federal Regulations on the implementation of claims and their denial is a matter of legal interpretation for the courts, and is not an issue of fact. *See Kent v. United of Omaha Life Ins. Co.*, 96 F.3d 803, 806 (6th Cir. 1996). The Sixth Circuit applies the substantial compliance test, which provides that plan administrators "need only substantially comply with ERISA notice requirements." *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 460 (6th Cir. 2003) (citing *Kent*, 96 F.3d at 807-08). The Court must determine whether Tooling fulfilled the essential purpose of 29 C.F.R. § 2560.503-1 by notifying Spectrum and Gruszka of its reasons for denying part of their claim and affording them a fair opportunity for review. *Id.*

Tooling's notification to Spectrum and Gruszka substantially complied with the purposes of § 2560.503-1. Tooling paid a portion of the claim and, as to the HVAD system, the notice clearly identified the $273,938 expense as experimental or investigational and provided an explanation of the appeal process. Rather than take advantage of the fair opportunity for review described in the notice, Spectrum waited nearly a month after the appeal period had expired to contact Tooling—apparently to the financial detriment of Tooling.[3]

Because the notice substantially complied with the purposes of § 2560.503-1, the appeal period was triggered. *Cf. Thompson v. J.C. Penney Co.*, No. 00-3504, 2001 WL 1301751, at *4 (6th Cir. Aug. 7, 2001) (affirming the district court's finding that because the notice of denial of benefits was deficient, the sixty day appeal period under that plan was not triggered).

---

[3] Tooling represented to the Court that it lost its stop-loss coverage because of Spectrum's delay.

Therefore, the Court will grant Tooling's motion for summary judgment.[4]

### III. CONCLUSION

For the foregoing reasons, Tooling's motion for summary judgment will be granted.

A separate order will issue.

Dated: October 26, 2017  /s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[4] Tooling requested reasonable attorney's fee and costs of action pursuant to 29 U.S.C. § 1132(g)(1). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Slater v. Potter*, 28 F. App'x. 512, 513 (6th Cir. 2002) (citation omitted). Tooling failed to address the required factors for an award of attorney's fees in an ERISA action. *See Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006) (listing the required five factors).